UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DIZZY DEAN WELLS, JR.,

               Plaintiff,

v.                                        Case No. 23-cv-1019-pp

LAW OFFICES OF SCHIRO & ZARZYNSKI, *et al.*,

               Defendants.

---

**ORDER DETERMINING PLAINTIFF DOES NOT MEET "IMMINENT DANGER" REQUIREMENT TO PROCEED WITHOUT PREPAYING FILING FEE AND GIVING PLAINTIFF FINAL OPPORTUNITY TO PAY FILING FEE**

---

On July 28, 2023, the plaintiff filed a complaint alleging that the defendants violated his constitutional rights. Dkt. No. 1. About one month later, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

On August 24, 2023, the court issued an order denying the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 6. The order noted that, under the Prison Litigation Reform Act (PLRA), the plaintiff had accumulated three "strikes"—that is, he had had three previous cases dismissed for failure to state a claim—and that under 28 U.S.C. §1915(g) he could not proceed without prepaying the filing fee unless he demonstrated that he was in imminent danger of serious physical injury. Id. at 2. The court concluded that the plaintiff had not made that showing. Id. at 2-3. The court ordered that the plaintiff must pay the full filing fee of $402 in time for the

1

court to receive it by day's end on September 14, 2023. Id. at 4. The order advised the plaintiff that if it did not receive the filing fee by that deadline, the court would dismiss the case. Id.

The court has not received the filing fee. However, on September 18, 2023, the court received a document from the plaintiff in which he asserts that he is in imminent danger

> due to being incarcerated in Oshkosh Correctional now on case number 15cf5118 the case John Schiro handled my jury trial on that I was convicted on and given my 8 year sentence now in Oshkosh now I'm in fear of my life on this case and this is the case that I'm filing this lawsuit against John for ineffective assistance of counsel because he failed his duty as a counsel to keep me safe from the danger of prison and I would not be going through this now so if I need to send proof to you regarding me being in danger here I will do so.

Dkt. No. 8. The plaintiff also says that the prison is holding his mail and he didn't receive the court's "letter" (presumably, the court's August 24, 2023 order) until September 12, 2023—two days before the deadline for him to pay the full filing fee. Id. The plaintiff has since been moved to Green Bay Correctional Institution. appsdoc.wi.gov/lop/details.detail.

The court determined the plaintiff's allegations that the defendants, who represented him at various stages of criminal proceedings in Milwaukee County Case Number 15CF5118, failed to adequately represent him did not meet the imminent danger requirement because he did not allege that he currently was at risk of serious physical injury. Dkt. No. 6 at 3. The plaintiff now states that he *is* at risk of imminent danger due to his incarceration. Dkt. No. 8. The dangerous nature of a prison cannot, alone, form the basis of satisfying the

2

imminent danger requirement under the PLRA's three-strikes provision. See Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2022) (holding that the "imminent danger" exception to §1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing," and "a threat . . . is real and proximate."). The plaintiff has not explained why he believes he is under imminent danger of *serious physical injury* and, even if he had, the lawyers who represented him in his criminal proceedings would not be involved in any current risk he may be facing in prison. The plaintiff's lawsuit alleging that his criminal defense lawyers failed to adequately represent him in his criminal proceedings does not meet the imminent danger requirement.

Although the plaintiff did not pay the filing fee by September 14, 2023, as ordered, he states that he did not receive the court's order until September 12, 2023. Dkt. No. 8. The court will give the plaintiff a final opportunity to pay the full filing fee.

If the plaintiff wants to proceed with this case, he must pay the full civil filing fee of $402 (the sum of the $350 filing fee and the $52 administrative fee) by the deadline the court will set below. Newlin v. Helman, 123 F.3d 429, 433-34 (7th Cir. 1997), rev'd on other grounds by Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000); 7th Circuit Rule 3(b). The court will dismiss this case if the plaintiff does not pay the full filing fee by the end of the day on **October 27, 2023**. This means that the plaintiff must pay the fee in time for the court to *receive it* by the end of the day

on October 27, 2023. If the court receives the full filing fee by the deadline, the court will screen the complaint under 28 U.S.C. §1915A.

The court **ORDERS** that by the end of the day on **October 27, 2023**, the Clerk of Court must *receive* from the plaintiff the sum of **$402** as the full filing fee in this case. The payment must clearly identify the case name and number assigned to this case. The court **ORDERS** that if it has not received the full filing fee by the end of the day on October 27, 2023, the court will dismiss the case for the plaintiff's failure to comply with this order.

The court will send a copy of this order to the Warden at Green Bay Correctional Institution.

Dated in Milwaukee, Wisconsin this 3rd day of October, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**