UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DIZZY DEAN WELLS, JR.,

           Plaintiff,

v.                                                Case No. 23-cv-1019-pp

LAW OFFICES OF SCHIRO & ZARZYNSKI, *et al.*,

           Defendants.

---

**ORDER DISMISSING CASE FOR FAILURE TO PAY FILING FEE AND FAILING TO COMPLY WITH COURT ORDER**

---

On July 28, 2023, the plaintiff filed a complaint alleging that the defendants had violated his constitutional rights. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

On August 24, 2023, the court issued an order denying the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 6. The order noted that the plaintiff had accumulated three "strikes"—that is, he had three previous cases dismissed for failure to state a claim—which meant that under 28 U.S.C. §1915(g) he could not proceed without prepaying the filing fee unless he demonstrated that he was in imminent danger of serious physical injury. Id. at 1-2. The court concluded that the plaintiff had not made that showing. Id. at 2-3. The court ordered that the plaintiff must pay the full filing fee of $402 in time for the court to receive it by day's end on September 14, 2023. Id. at 3. The order advised the plaintiff that if the court did not receive

1

the filing fee by the end of the day on September 14, 2023, the court would dismiss the case. Id. at 3-4.

On September 18, 2023, the court received a document from the plaintiff in which he asserted that he was in imminent danger and that he didn't receive the court's "letter" (presumably, the August 24, 2023 order) until September 12, 2023. Dkt. No. 8. On October 3, 2023, the court issued an order reiterating that the plaintiff did not fall under the "imminent danger" exception to §1915(g)'s "three strikes" rule because his complaint did not allege that he is under imminent danger of serious physical injury. Dkt. No. 9 at 3. The court gave the plaintiff more time to pay the filing fee, ordering that if he wanted to proceed with this case, he must pay the $402 filing fee by October 27, 2023. Id. at 3-4.

October 27, 2023 has come and gone and the court has not received the filing fee. The court will dismiss the case without prejudice. "The law requires any prisoner who brings a civil action to pay the full filing fee." 28 U.S.C. §1915(b)(1). The court will order collection of the filing fee in accordance with 28 U.S.C. §1915(b).

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** because the plaintiff did not pay the filing fee by the deadline set by the court and did not comply with the court's October 3, 2023 order. The clerk will enter judgment accordingly.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the $402 filing fee by collecting

2

monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Oshkosh Correctional Institution.

Dated in Milwaukee, Wisconsin this 31st day of October, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**